15-172-cv
Acticon AG v. China North East Petroleum Holdings Ltd., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of August, two thousand fifteen.

Present:        GUIDO CALABRESI,
                CHESTER J. STRAUB,
                ROSEMARY S. POOLER,
                        *Circuit Judges*.

———————————————————————————————

ACTICON AG,

                        *Plaintiff-Appellant*,

                v.                                              15-172-cv

CHINA NORTH EAST PETROLEUM HOLDINGS
LIMITED,WANG HONG JUN, ZHANG YANG,
JU GUIZHI, ROBERT C. BRUCE, EDWARD M. RULE,
LI JING FU, YU LI GUO,

                        *Defendants-Appellees*.[1]

———————————————————————————————

Appearing for Plaintiff-Appellant:        TAMAR A. WEINRIB (Jeremy A. Lieberman,
                                          Emma Gilmore, Michele S. Carino, *on the brief*),
                                          Pomerantz LLP, New York, NY.

———————————————

[1] The Clerk of the Court is directed to amend the case caption as above.

Appearing for Defendants-Appellees:        EDWIN G. SCHALLERT (Christine Ford, Jared I. Kagan), Debevoise & Plimpton LLP, New York, NY, *for Defendant-Appellee Robert C. Bruce.*

Appeal from the United States District Court for the Southern District of New York (Cedarbaum, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED IN PART**, and **REMANDED**.

Plaintiff-Appellant Acticon AG ("Acticon") appeals from (1) the December 10, 2014 order of the United States District Court for the Southern District of New York (Cedarbaum, *J.*) granting Defendant-Appellee Robert C. Bruce's motion to dismiss, and (2) the January 15, 2015 order of the same district court granting Defendants-Appellees China North East Petroleum Holdings Limited ("China North"), Wang Hong Jun ("Wang"), Ju Guizhi ("Ju"), Zhang Yang, Edward M. Rule, Li Jing Fu, and Yu Li Guo's motion to dismiss. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, is adequately pleaded only if there are sufficient allegations of scienter – "an intent to deceive, manipulate or defraud." *Kalnit v. Eichler*, 264 F.3d 131, 138 (2d Cir. 2001) (internal quotation marks omitted). "[T]o be adequate, scienter allegations must give rise to a strong inference of fraudulent intent." *Id.* (internal quotation marks omitted). A plaintiff may "plead scienter by (a) alleging facts demonstrating that defendants had both the motive and an opportunity to commit fraud or (b) otherwise alleging facts to show strong circumstantial evidence of defendants' conscious misbehavior or recklessness." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 74 (2d Cir. 2001).

Applying these standards, we vacate the district court's dismissal of the Section 10(b) and Rule 10b-5 claims against China North and Wang. Acticon has sufficiently pleaded Wang's scienter with allegations of his motive and opportunity to commit fraud. As China North's former CEO, Wang signed all of the relevant SEC filings attesting to the company's internal controls, while allegedly simultaneously looting China North's treasury and engaging in unauthorized transfers of company funds. *See ECA, Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) ("[T]o raise a strong inference of scienter through motive and opportunity to defraud, [a plaintiff] must allege that [a defendant] or its officers benefitted in some concrete and personal way from the purported fraud." (internal quotation marks omitted)). These allegations are also sufficient to support Acticon's claim against China North, because given Wang's position as China North's former CEO, his scienter can be imputed to the company. *See Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008) ("When the defendant is a corporate entity, . . . the pleaded facts must create a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter."). However, we affirm the dismissal of the Section 10(b) and Rule 10b-5 claim against Ju. Although Ju was also allegedly responsible for the unauthorized transfers, there is no allegation that she reviewed or signed any of the allegedly

2

false SEC filings, and thus no basis to conclude that she made a material misrepresentation. *See S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir. 1999)

Having vacated the dismissal of the Section 10(b) claim against China North, we also vacate the dismissal of Acticon's claims against Wang and Ju under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a). Section 20(a) "provides that individual executives, as 'controlling person[s]' of a company, are secondarily liable for their company's violations of the Exchange Act." *Emps.' Ret. Sys. of Gov't of V.I. v. Blanford*, --- F.3d ---, 2015 WL 4491319, at *6 (2d Cir. July 24, 2015) (quoting 15 U.S.C. § 78t(a)). "To establish a prima facie case of control person liability, a plaintiff must show (1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

As China North's CEO, Wang may be liable as an individual who controlled China North and played a culpable role in its fraud. Similarly, as a director of China North and an alleged participant in the unauthorized transfers, Ju may also be liable as a "controlling person" under Section 20(a). Because the district court never addressed Acticon's Section 20(a) claims once it dismissed the underlying Section 10(b) claim against China North, we leave the sufficiency of Acticon's Section 20(b) allegations to be decided on remand.

We affirm the remainder of the district court's decision. With respect to the remaining Defendants – China North's directors and officers – Acticon attempts to show scienter through these Defendants' conscious misbehavior or recklessness. A plaintiff relying solely on the defendant's "alleged conscious misbehavior or recklessness . . . must show conscious recklessness – *i.e.*, a state of mind approximating actual intent, and not merely a heightened form of negligence." *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 106 (2d Cir. 2015) (internal quotation marks omitted). Such conduct must "at the least" be "highly unreasonable and . . . represent[] an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *Kalnit*, 264 F.3d at 142 (internal quotation marks omitted).

Acticon has failed to meet this standard, premising the remaining Defendants' recklessness on their failure to identify defects in the company's internal controls and errors in the company's accounting statements. In general, the failure "to identify problems with [a] defendant-company's internal controls . . . does not constitute reckless conduct sufficient for § 10(b) liability." *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000). Similarly, "[a]llegations of GAAP violations or accounting irregularities, standing alone, are insufficient to state a securities fraud claim" in the absence of "evidence of corresponding fraudulent intent." *ECA*, 553 F.3d at 200 (internal quotation marks omitted). Moreover, with respect to Defendant Bruce, any inference of scienter is further weakened by allegations describing his affirmative efforts to uncover fraud by China North. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007) (stating that a court "must consider, not only inferences urged by the plaintiff, . . . but also competing inferences rationally drawn from the facts alleged").

On remand, the district court may, in its discretion, grant leave to amend the complaint as to Wang, Ju, and China North. However, as to the remaining Defendants, we affirm the district court's denial of leave to amend. "[W]here amendment would be futile, denial of leave to amend is proper." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2005), *abrogated on other grounds by F.T.C. v. Actavis, Inc.*, 133 S. Ct. 2223 (2013). Acticon seeks to amend its complaint to include allegations from a separate SEC action against Wang regarding his illicit transfers of China North's funds. However, this SEC complaint alleges that China North's board of directors, on which the remaining Defendants served, was not informed of and did not approve Wang's alleged wrongful transfers. Thus, these SEC allegations only further undercut the inference of scienter as to the remaining Defendants.

Accordingly, the judgment of the district court hereby is AFFIRMED IN PART and VACATED IN PART, and this case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4